1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   WENDY L. ABANGAN,                    )        Case No.: C 05-1480 PVT
                                          )
13                      Plaintiff,        )        **INTERIM ORDER RE CROSS-MOTIONS FOR**
                                          )        **SUMMARY JUDGMENT**
14          v.                            )
                                          )
15   JO ANNE B. BARNHART, Commissioner,   )
     Social Security Administration,      )
16                                        )
                        Defendant.        )
17   _____ )

18          Pending before the court are the parties' cross-motions for summary judgment.[1]  Having

19   reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order

20   seeking further briefing.  Based on the briefs submitted, the administrative record, and the file

21   herein,

22          IT IS HEREBY ORDERED that no later than March 16, 2007, Defendant shall file a

23   supplemental brief addressing the following issues: 1) whether or not the Administrative Law Judge

24   ("ALJ") fulfilled his duty to fully and fairly develop the record; 2) whether or not the ALJ erred by

25   giving "controlling weight" to the opinions of non-treating sources, and if so whether that error is

26   harmless; and 3) whether or not the ALJ erred by giving greater weight to the opinion of Dr. Jamil

27

28   _____
            [1]      The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

1   than the opinions of Dr. Linder and Dr. Minsky.  No later than March 30, 2007, Plaintiff may file a

2   supplemental brief responding to the Defendant's supplemental brief.

3        In social security disability cases the ALJ has an independent "'duty to fully and fairly

4   develop the record and to assure that the claimant's interests are considered.'"  *See Smolen v. Chater*,

5   80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).

6   This duty extends to represented as well as unrepresented claimants.  *Id.*  The ALJ's duty to develop

7   the record fully is heightened where the claimant may be mentally ill, and thus unable to protect her

8   own interests.  *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991) ("In cases of mental

9   impairments, this duty is especially important.")  If the ALJ needs to know the basis of a doctor's

10  opinion, this duty requires that he conduct an appropriate inquiry.  *See Tidwell v. Apfel*, 161 F.3d

11  599, 602 (9th Cir. 1998).  The ALJ may discharge this duty in several ways, including: subpoenaing

12  the claimant's doctors for additional records (or live testimony), submitting questions to the

13  claimant's doctors, continuing the hearing, or keeping the record open after the hearing to allow

14  supplementation of the record.  *Ibid.*; *see also, Smolen*, 80 F.3d at 1288.  In the present case, it

15  appears from statements on the record at the hearing before the ALJ that several of Plaintiff's

16  medical records were not in the administrative record.  (Tr. 331.)  It also appears that the ALJ found

17  at least one of the medical evaluations ambiguous.  (Tr. 333-34.)  Thus, it would appear that the ALJ

18  should have sought to obtain the missing records and an explanation of those records he found

19  ambiguous.

20       In his opinion, the ALJ expressly stated that he had given "controlling weight" to the

21  assessments of the medical consultants at the state agency and the consultative examiner, Dr. Jamil.

22  (Tr. 124.)  None of these individuals were treating sources.  Pursuant to Social Security Ruling 96-

23  2p, "opinions from sources other than treating sources can never be entitled to 'controlling weight.'"

24  Thus this appears to be clear legal error on the part of the ALJ.

25       Dr. Jamil's report states he did not review any of Plaintiff's medical records.  There is no

26  mention in his report of Plaintiff's suicide attempt in November of 2000.  Nor is there any mention

27  of her history of auditory hallucinations.  And the report includes at least one potentially significant

28  factual error.  In the final paragraph of his report Dr. Jamil states "Her depression was precipitated

by her divorce," which is inconsistent with his comments on the first page noting that her depression started in 1995, and that the divorce three years later in 1998 was "sudden" and that Abangan was not prepared for it.  Given the deficiencies in Dr. Jamil's evaluation, it would appear that the ALJ's decision to accord Dr. Jamil's opinion more weight than the opinions of Plaintiff's treating physicians may have constituted legal error.

The court is seeking this additional briefing because the parties did not address the foregoing matters in their original briefing.  Because the court is considering taking these matters into account in its ruling on the parties' cross-motions for summary judgment, the parties are entitled to notice and an opportunity to brief the court on their respective positions.  *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice).

Dated: *2/22/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge