UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WENDY ABANGAN,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant. | Case No.: C 05-01480 PVT<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>(Re: Docket No. 28) |

On March 22, 2011, Plaintiff's counsel, Marc V. Kalagian ("Kalagian"), filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b). On April 13, 2011, Kalagian filed an amended motion seeking the amount of $5,000 for representing Plaintiff in an action to obtain social security benefits. Kalagian indicates that he performed 23.55 hours of attorney services in representing Plaintiff before the District Court. Kalagian seeks compensation pursuant to a contingent fee agreement that allows him to recover 25% of retroactive benefits. On April 7, 2011, Defendant filed a response to Kalagian's original motion, stating that it is "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits." Plaintiff was served with the motion, which advised her of her right to oppose the motion, but Plaintiff did not file an opposition, or any other response, to the motion, and her time to do so has passed. The court

1

Case No.: 05-1480 PVT
ORDER

has taken Kalagian's motion under submission without oral argument. For the reasons stated below, the motion is GRANTED.

## I. PRIOR PROCEEDINGS

Plaintiff brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). After this Court remanded this action for further administrative proceedings, an administrative law judge found Plaintiff disabled as of June 21, 2000. Plaintiff then received a December 31, 2009 Notice of Award of $41, 289.50 in past-due benefits. The sum of $10,322.38, which is 25 percent of the past due benefits, was withheld from the award. Kalagian already has been awarded attorney's fees of $3,000 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA award offsets any attorney's fees award payable from Plaintiff's past-due benefits, up to the full amount of the EAJA award.[1] Accordingly, the net amount of attorney's fees counsel now seeks payable from Plaintiff's benefits is $2,000.

## II. ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Under Section 406(b)(1)(a), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The court acts as "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases."[2] In determining the amount of fees to award counsel, the court must determine whether the fees sought by counsel are within the statutory limit, are consistent with the fee agreement, and are reasonable in amount.

---

[1] If attorney's fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

[2] *See id.* at 807.

The court has conducted an independent check as to the reasonableness of the fee sought here. Kalagian's fee of $5,000 based on 23.55 hours of attorney time (an effective hourly rate of $212.31) is reasonable under the circumstances. In *Crawford*, the Ninth Circuit found reasonable Section 406(b) fees with effective hourly rates for attorney time far exceeding the rate requested by counsel here.[3] The record discloses no issue regarding the quality or efficiency of Kalagian's representation before this court or any misconduct by counsel. The time expended was reasonable to litigate the case to the point where it was remanded for further proceedings (after which benefits were awarded to Plaintiff), and the time spent on the case was within the approved range for social security disability cases.[4]

Kalagian assumed the risk of nonpayment inherent in a contingency agreement, the requested Section 406(b) fee does not exceed the 25% of Plaintiff's past-due benefits authorized by the contingent fee agreement in this case or the statutory cap, and his efforts ultimately proved successful for Plaintiff. Also, Plaintiff had an opportunity to oppose counsel's motion, but did not do so. Accordingly, the court finds reasonable the Section 406(b) fees requested by counsel in this case. Accordingly,

IT IS HEREBY ORDERED that Kalagian's motion for attorney fees is GRANTED.

IT IS FURTHER ORDERED that the Commissioner pay Plaintiff's counsel the sum of $5,000.

IT IS FURTHER ORDERED that Kalagian is directed to reimburse Plaintiff the sum of $3,000, the amount already paid by Defendant in EAJA fees.

Dated: July 18, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (Clifton, J., concurring in part and dissenting in part).

[4] *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (collecting cases).